# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Schwarz Pharma, Inc., Schwarz
Pharma AG, and Warner-Lambert
Company, LLC,

        Plaintiffs,

    v.

Paddock Laboratories, Inc.,

        Defendant.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 05-832 ADM/JJG

---

Brian M. Poissant, Esq., F. Dominic Cerrito, Esq., and Daniel L. Malone, Esq, Jones Day, New York, NY; and Laura J. Hein, Esq., Gray, Plant, Mooty, Mooty, & Bennett, PA, Minneapolis, MN, on behalf of Plaintiffs.

Neil F. Greenblum, Esq., Michael J. Fink, Esq., Stephen M. Roylance, Esq., and P. Branko Pejic, Esq., Greenblum & Bernstein, P.L.C., Reston, VA; and Barbara P. Berens, Kelly & Berens, P.A., Minneapolis, MN, on behalf of Defendant.

---

## I. INTRODUCTION

By Order dated October 20, 2006, the Court granted Defendant Paddock Laboratories,

Inc.'s ("Paddock") Motion for Summary Judgment, [Docket No. 222], and later denied Plaintiffs

Schwarz Pharma, Inc., Schwarz Pharma AG, and Warner-Lambert Company, LLC's ("Schwarz

Pharma") Rule 59(e) Motion to Amend or Alter the Judgment, Order [Docket No. 247].  Shortly

thereafter, Paddock filed a motion for attorneys' fees and costs [Docket No. 235].  However,

before the Court ruled on Paddock's motion for fees and costs, Schwarz Pharma appealed to the

Federal Circuit.  The Court delayed consideration of Paddock's motion for fees and costs until

after the Federal Circuit decided Schwarz Pharma's appeal.  The Federal Circuit has since

affirmed the Court's grant of summary judgment and denial of Schwarz Pharma's Motion to

Amend or Alter the Judgment and now addresses Paddock's motion for fees and costs.  For the reasons set forth herein, the Court denies Paddock's motion.

## II.  BACKGROUND[1]

### A.    Delay of Summary Judgment Motion

Schwarz Pharma filed suit against Paddock alleging that Paddock's generic drug product infringed its Patent (referred to as the '450 patent).  On June 30, 2005, Paddock filed its first motion for summary judgment.  On July 28, 2005, Magistrate Judge Arthur J. Boylan ordered Paddock's motion stricken as premature and ordered that no dispositive motions be filed before the close of the discovery period.[2]  Paddock appealed and on September 1, 2005, this Court affirmed Judge Boylan's Order denying Paddock's motion for summary judgment as premature. The Court held that if Paddock received needed FDA approval before the close of discovery, Paddock could petition for leave to file a summary judgment motion.

On January 25, 2006, Paddock sought leave to file for summary judgment arguing the conditions of the September 1, 2005, Order [Docket No. 46] had been met.  The Court denied Paddock's Motion concluding that there was nothing in the record demonstrating that Paddock had received final or tentative approval from the FDA.  Order [Docket No. 157].  There was no change in circumstances from the prior order affirming Judge Boylan's decision that summary judgment consideration should await the close of discovery.  After the close of discovery,

---

[1]  The facts surrounding the patent allegations of this case are set forth in the Court's October 20, 2006, Order [Docket No. 222], granting Paddock summary judgment; and, therefore, the present Order is limited to the pertinent procedural information.

[2]  This case was initially assigned to Magistrate Judge Boylan but was later reassigned to Magistrate Judge Graham.

2

Paddock again filed a motion for summary judgment.  The Court heard Paddock's motion on the merits and on October 20, 2006, granted Paddock summary judgment.

**B.      Discovery**

Throughout the course of discovery, Magistrate Judge Jeanne Graham ruled on numerous motions filed by both parties.  Judge Graham ruled in favor of both parties at different times and noted the inability of the parties to conduct discovery without court intervention.

On March 17, 2006, Judge Graham issued a protective order.  [Docket No. 156].  In June 2006, Paddock filed two motions for discovery sanctions.  [Docket Nos. 163, 167].  In its first motion, Paddock alleged, and Schwarz Pharma did not dispute, that Schwarz Pharma violated the protective order by failing to adequately protect confidential information from disclosure to unauthorized parties.  Judge Graham granted Paddock's motion and ordered that Schwarz Pharma pay reasonable costs and attorneys' fees in connection with the motion.  In its second motion for discovery sanctions, Paddock requested that the court exclude the testimony of Schwarz Pharma's expert, George Gokel, as a sanction for Schwarz Pharma's conduct during Gokel's deposition.  During Gokel's deposition, Schwarz Pharma objected to six questions and directed Gokel not to answer.  Judge Graham concluded that Schwarz Pharma's actions did not comply with the Federal Rules of Civil Procedure–specifically, with Rule 30(d)(4)'s requirement that a witness not be instructed not to answer a question during a deposition unless necessary to preserve a privilege.  Judge Graham ordered that Schwarz Pharma make Gokel available for an additional deposition to answer the questions Gokel was previously directed not to answer.  Having granted both of Paddock's motions for sanctions, Judge Graham awarded financial sanctions to be paid by Schwarz Pharma.  [Docket Nos. 202, 245].

## III.  DISCUSSION

In its motion for attorneys' fees, Paddock asserts it is entitled to fees under 35 U.S.C.

§ 285, 28 U.S.C. § 1927, and Fed. R. Civ. P. 37(c)(2).

**A.      35 U.S.C. § 285**

An award of attorneys' fees under section 285 requires meeting a two-step threshold.

First, the court must determine whether the prevailing party has proved by clear and convincing

evidence that the case is exceptional.  See Forest Labs., Inc. v. Abbot Labs., 339 F.3d 1324,

1327-28 (Fed. Cir. 2000).  Second, if the court concludes that the case is exceptional, it must

then decide whether an award of attorneys' fees is appropriate.  Id. at 1328.  Courts award

attorneys' fees to prevailing accused infringers only when necessary to prevent "a gross injustice

to the accused infringer."  Id. at 1329.

In order to recover fees and prove that the case is exceptional, a prevailing party accused

of patent infringement must show that the patentee litigated in bad faith.  Id.; see also

Imagineering, Inc. v. Van Klassens, Inc., 53 F.3d 1260, 1267 (Fed. Cir. 1995).  Bad faith may be

proved through direct evidence of wrongful intent or with evidence of gross negligence that

reveals willful, wanton, or reckless misconduct.  See Mach. Corp. of Am. v. Gullfiber AB, 774

F.2d 467, 473 (Fed. Cir. 1985).  Pursuing vexatious, unjustified, or frivolous litigation illustrates

bad faith and supports a fee award.  See Forest Labs., 339 F.3d at 1329-30.  A frivolous patent

infringement suit "is one which the patentee knew or, on reasonable investigation, should have

known, was baseless."  Haynes Int'l, Inc. v. Jessup Steel Co., 8 F.3d 1573, 1579 (Fed. Cir.

1993).  Additionally, litigation misconduct and unprofessional behavior "are relevant to the

award of attorney fees and may suffice to make a case exceptional under § 285."  Sensonics v.

4

Aerosonic Corp., 81 F.3d 1566, 1574 (Fed. Cir. 1996).  However, a patentee's reasoned, good faith judgment concerning infringement can overcome a "determination of exceptionality." Brasseler v. Stryker Sales Corp., 267 F.3d 1370, 1381-82 (Fed. Cir. 2001).

### 1.      Pre-filing investigation

Paddock asserts this case is exceptional because Schwarz Pharma "brought suit without testing Paddock's ANDA products, conducting a pre-filing investigation or obtaining an opinion of counsel, which are indicia of an 'exceptional' case."  The prevailing party may meet its burden to show the case is exceptional by demonstrating, by clear and convincing evidence, that the patentee acted in bad faith by initiating the lawsuit knowing it was baseless or failing to conduct an investigation that would have shown it was baseless.  Accordingly, Paddock must demonstrate, by clear and convincing evidence, that Schwarz Pharma knew its suit was baseless or that it failed to conduct a reasonable investigation, which would have demonstrated that the suit was baseless.

Schwarz Pharma asserts there was no need to test Paddock's ANDA products because it had Paddock's paragraph IV letter detailing the formulation of Paddock's ANDA products. Schwarz Pharma contends that the information provided in Paddock's paragraph IV letter supported its allegations of infringement.

Although Schwarz Pharma apparently filed suit without first testing its ANDA products, that alone does not demonstrate that Schwarz Pharma did not conduct a reasonable investigation. Paddock has not demonstrated that using the information included in its paragraph IV letter is insufficient to allow for a reasonable investigation or that the only means for conducting a reasonable investigation was to physically test the products.

Further, Paddock's assertion that Schwarz Pharma filed suit without obtaining the advice of counsel is without support in the record.  Although Paddock sets forth several documents it believes demonstrate that Schwarz Pharma did not seek the opinion of counsel before filing suit, it failed to provide citation to the record or attach copies of the cited documents to its memorandum in support of its motion.[3]  As a result, the Court was unable to review the cited documents.  Accordingly, Paddock has not proved by clear and convincing evidence that Schwarz Pharma failed to conduct a pre-filing investigation or seek the opinion of counsel before filing suit.

### 2.    Timing of Summary Judgment Motion

Paddock next asserts that the case is exceptional because Schwarz Pharma delayed Paddock's motion for summary judgment for more than one year.  Paddock asserts that Schwarz Pharma's argument that it was entitled to more discovery before facing summary judgment was made in bad faith is demonstrated by Schwarz Pharma's failure to rely on the additional discovery Paddock produced in ultimately defending against summary judgment.

These assertions by Paddock are without support.  In affirming Judge Boylan's decision to deny Paddock's motion for summary judgment as premature, this Court ruled there was no legal basis to expedite Paddock's request for summary judgment.  Order [Docket No. 46] at 6. Accordingly, the Court's decision to delay Paddock's motion for summary judgment until the

---

[3]  The only assertion that has citation to the record is the claim that Schwarz Pharma did not retain an expert to test Paddock's ANDA products.  This is without dispute and again, is insufficient by itself to demonstrate bad faith.  Although Paddock references Schwarz Pharma's Privilege Log as evidence that Schwarz Pharma did not seek the advice of counsel before filing suit, Paddock did not attach the Privilege Log to its memorandum in support of its motion and did not provide citation to the Privilege Log's location in the record.

close of discovery does not demonstrate any bad faith by Schwarz Pharma.  To the contrary,

Schwarz Pharma's assertion that it should not have to confront a motion for summary judgment

until the close of discovery had merit.  Further, Paddock's assertion that Schwarz Pharma did not

rely on the evidence produced through discovery when it finally challenged Paddock's summary

judgment motion is belied by the record.  A brief review of Schwarz Pharma's memorandum in

opposition to Paddock's motion for summary judgment reveals several citations to the deposition

testimony of experts deposed during discovery.  Pls.' Mem. in Opp'n to Def.'s Mot for Summ.

J. [Docket No. 183] at 7, 13, 16, 19-21, 24-25.  The delay of Paddock's summary judgment

motion until the close of discovery was the Court's decision and does not demonstrate Schwarz

Pharma's bad faith making this case exceptional for the award of fees.

### 3. Frivolous position and literal infringement argument

Next, Paddock contends that this is an exceptional case because Schwarz Pharma

maintained a frivolous position and refused to abandon its literal infringement argument.

Paddock alleges that in responding to its counterclaim, Schwarz Pharma admitted that Paddock

did not infringe claim 4 of the '450 patent literally or under the doctrine of equivalents.  Claim 4

of the '450 patent depends from claim 1 and states: "[t]he composition of claim 1 wherein (b)

contains magnesium carbonate."  Claim 1, the independent claim, states, "[a] pharmaceutical

composition which contains . . . (b) a suitable amount of an alkali or alkaline earth metal

carbonate to inhibit cyclization and discoloration."  Paddock contends that in admitting

noninfringement of claim 4, Schwarz Pharma admitted that "Paddock's ANDA product, which

employs magesium oxide as a stabilizer, did not infringe a claim that expressly required

magnesium carbonate as a stabilizer (claim 4), either literally or under the doctrine of

equivalents." Paddock extrapolates that Schwarz Pharma's admission amounts to an admission at the outset of the litigation that magnesium oxide was not equivalent to magnesium carbonate. By focusing its argument during discovery on whether magnesium oxide was equivalent to magnesium carbonate, after admitting the opposite, Paddock argues Schwarz Pharma acted in bad faith. Schwarz Pharma asserts that because it asserted infringement under claim 1, the independent claim, it was not required to assert infringement under claim 4.

While there may be contradiction in admitting the dependent claim while contesting the independent claim, Schwarz Pharma's position on the underlying substantive issue was consistent throughout the litigation. Setting forth that inconsistency now does not demonstrate bad faith.

The argument that Schwarz Pharma acted in bad faith by refusing to abandon its literal infringement argument is also unpersuasive. Specifically, Paddock contends that Schwarz Pharma acted in bad faith when it refused to admit, in response to Paddock's second set of requests for admission ("RFA"), that it was not asserting a literal infringement argument. Paddock implies that it served the second set of RFAs, asking Schwarz Pharma to concede its literal infringement argument, because Schwarz Pharma's experts conceded that Paddock's ANDA products did not literally infringe the '450 patent. Schwarz Pharma contends that its literal infringement argument was viable under its theory of claim construction such that, had the Court adopted its theory, it would have continued to pursue its literal infringement argument. Accordingly, Schwarz Pharma asserts that it was not acting in bad faith by failing to concede its literal infringement argument when it responded to Paddock's second set of RFAs.

The record indicates that Schwarz Pharma responded to Paddock's second set of RFAs on April 12, 2006. Fourteenth Pejic Decl. [Docket No. 237] Ex. 7. The Court did not issue its Markman opinion construing the claims at issue until April 18, 2006, Order [Docket No. 157], and Schwarz Pharma did not depose its experts until June 2006. Graham Order [Docket No. 202] at 4, 7 (stating that the parties deposed Robert Williams on June 20, 2006, and George Gokel on June 14, 2006). That Schwarz Pharma did not concede its literal infringement argument when it responded to Paddock's RFA on April 12, 2006, does not demonstrate bad faith given that this court had not yet construed the claims at issue and that Schwarz Pharma had not yet deposed its expert witnesses.

### 4.    Summary

Paddock has failed to demonstrate by clear and convincing evidence that this case is exceptional. Accordingly, the appropriateness of awarding attorneys' fees will not be discussed here. "In addition, even if the case is found to be exceptional, the district court in its discretion may decline to award attorney fees." Badalamenti v. Dunham's, Inc., 896 F.2d 1359, 1365 (Fed. Cir. 1990). Even if the Court had determined that this case was exceptional, it would not award attorneys' fees. 35 U.S.C. § 285 does not entitle Paddock to an award.

### B.    28 U.S.C. § 1927

Under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "Section 1927 warrants sanctions when an attorney's conduct 'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.'" Tenkku v. Normandy

Bank, 348 F.3d 737, 743 (8th Cir. 2003) (quoting Perkins v. Spivey, 911 F.2d 22, 36 (8th Cir. 1990)).  "Because section 1927 is penal in nature, it should be strictly construed so that it does not 'dampen the legitimate zeal of an attorney in representing his client.'" Lee v. L.B. Sales, Inc., 177 F.3d 714, 718 (8th Cir. 1999) (quoting Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc., 38 F.3d 1414, 1416 (5th Cir. 1994)).

In its memorandum seeking attorneys' fees and costs, Paddock engages in a lengthy discussion of Schwarz Pharma's actions during discovery, which it asserts to demonstrate Schwarz Pharma's counsel unreasonably and vexatiously multiplied the proceedings. Specifically, Paddock alleges Schwarz Pharma's counsel delayed the deposition of its expert by interfering with Paddock's ability to schedule the deposition.  Schwarz Pharma asserts that it is not responsible for the delay because the expert was not under its control nor represented by Schwarz Pharma.  Regardless of the cause of the delay, Paddock was able to depose the expert within the discovery period and, although inconvenienced by the delay, it does not appear that the delay multiplied the proceedings.

Paddock also relies on the conduct for which Judge Graham sanctioned Schwarz Pharma as conduct entitling it to sanctions under section 1927.  These discovery violations have been redressed by the sanctions already ordered by Judge Graham and do not require additional action by this Court.

Paddock contends that it is entitled to section 1927 sanctions because of Schwarz Pharma's refusal to admit many of its RFAs.  As Judge Graham's December 22, 2005, Order demonstrates, several of Schwarz Pharma's objections to the RFAs had merit while others did not.  Any multiplicity that arose as a result of that cannot be attributed to Schwarz Pharma's

counsel alone and this Court cannot conclude, based on that conduct, that Schwarz Pharma's counsel violated its duty to this Court.

Paddock also argues Schwarz Pharma refused to answer discovery directed to Warner-Lambert because of its assertion that Warner-Lambert was an involuntary plaintiff. Judge Graham addressed this issue in her December 22, 2005, Order. Judge Graham appropriately granted Paddock's motion to compel Warner-Lambert to comply with discovery, which it did. This example does not demonstrate that Schwarz Pharma breached its duty to the court necessitating section 1927 sanctions.

Paddock also cites Schwarz Pharma's actions with regard to its 30(b)(6) witness. Paddock deposed Schwarz Pharma's 30(b)(6) witness on May 31, 2006. Exactly one month later Paddock filed for summary judgment. On August 30, 2006, this Court heard argument on Paddock's motion, and on October 20, 2006, granted Paddock's motion. In reviewing the amount of time that passed from when Paddock deposed Schwarz Pharma's 30(b)(6) witness to when this court decided Paddock's motion for summary judgment, it is evident that the conduct of Schwarz Pharma's counsel in making its 30(b)(6) witness available, preparing that witness, and instructing that witness during the deposition, did not multiply the proceedings in any way. Accordingly, section 1927 sanctions are not appropriate.

In summary, Paddock asserts that the long list of examples it provides demonstrates a pattern of misconduct by Schwarz Pharma's counsel that entitles it to section 1927 sanctions. The history of this litigation, even by a quick review of the docket, reveals both parties assumed aggressive and at times combative postures regarding discovery and motions practice. A review of the misconduct in the cases in which sanctions have been found under section 1927 displays a

different degree of culpability than the conduct of Schwartz Pharma's counsel.  See Clark v. United Parcel Serv., Inc., 460 F.3d 1004, 1007, 1010-11 (8th Cir. 2006) (affirming the district court's award of section 1927 sanctions where the attorney submitted unnecessarily voluminous filings in an attempt to "force the opposition to either yield to its position or be crushed under a great weight of misstated factual assertions and drowned in a sea of bombast"); Kansas Pub. Employees Ret. Sys. v. Reimer & Koger Assocs., 165 F.3d 627, 629-30 (8th Cir. 1999) (affirming sanctions where attorney filed duplicative proceedings in state court to delay the proceedings in the original case); Gundacker v. Unisys Corp., 151 F.3d 842, 849 (8th Cir. 1998) (affirming sanctions where attorney repeatedly disobeyed the district court's orders); Perkins v. Gen. Motors Corp., 965 F.2d 597, 601-02 (8th Cir. 1992) (affirming sanctions where attorney filed documents it knew contained false statements).

**C.      Fed. R. Civ. P. 37(c)(2)**

Under Rule 37(c)(2), "[i]f a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney fees, incurred in making that proof."  The court must sanction the party who failed to admit unless the court finds one of the following exceptions: "(A) the request was held objectionable under Rule 36(a); (B) the admission sought was of no substantial importance; (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or (D) there was other good reason for the failure to admit."  Rule 37(c)(2)(A)-(D).

Paddock contends that it is entitled to Rule 37(c)(2) sanctions because Warner-Lambert and Schwarz Pharma denied several RFAs that it contends it later proved to be true.  Although

12

that assertion may be correct, Paddock's motion has so failed to comply with the requirements

set forth in the local rule, that this court is unable to make a determination in its favor.  District

of Minnesota Local Rule 37.2 ("Form of Discovery Motions") provides:

> In the case of motions involving interrogatories, document requests or requests
> for admissions, the moving party's memorandum shall set forth only the
> particular interrogatories, document requests or requests for admissions which are
> the subject of the motion, the response thereto **and a concise recitation of why
> the response or objection is improper**.

(Emphasis added).  Rule 37.2 applies to "any discovery motion filed pursuant to Rules 26

through 37 of the Federal Rules of Civil Procedure."

In its memorandum in support of its motion, Paddock provided the following argument

for Rule 37(c)(2) sanctions: "In this case, Warner-Lambert initially refused to admit that

magnesium oxide was a known stabilizer for pharmaceuticals prior to the narrowing amendment

to the '450 patent.  (*See, e.g.*, RFA Nos. 5, 6, 7, 62, 63, 64, 65, 81, 82, 83, 84 & 85 . . . )."[4]  In

addition to the above quoted assertion, Paddock sets forth several additional assertions similar in

form to the one quoted above regarding Warner-Lambert's and Schwarz Pharma's responses to

its RFAs.  In each instance, Paddock provides a general statement as to the proposition it

contends Warner-Lambert or Schwarz Pharma inappropriately denied, a contention that the

proposition was later proven true, and a long citation to its RFAs that is identical in form to the

one quoted above.  The only RFAs referenced in the text, and not simply in a long string citation,

are RFAs 38, 39, 40, 41, and 42.  Further, Paddock does not provide a discussion that conforms

---

[4] This assertion is not an accurate representation of what was asked in each of the RFAs
Paddock cites.  For example, RFA 62 asked Warner-Lambert to "[a]dmit at the time of the
amendment of the claims in the '450 patent, persons of ordinary skill in the art were aware that
both magnesium oxide and alkali or alkaline earth-metal carbonates could be used to stabilize an
API in a pharmaceutical composition."

to Rule 37.2's requirements.  There is not a single instance in its memorandum where Paddock

provides the substance of a specific RFA, the actual response given, and a discussion as to why

the response is inadequate and deserving of Rule 37(c) sanctions.

In order to comply with Rule 37.2's requirements, Paddock needed to set forth in its

memorandum each RFA it contends was inappropriately denied, the response, and a "concise

recitation of why the response or objection is improper."  Providing a string citation that simply

lists the RFAs by number, with no discussion of why the answer violated Rule 36's discovery

requirement, is insufficient to comply with Rule 37.2.  Accordingly, Paddock's motion for

sanctions under Rule 37(c) is denied.  See Kasuri v. St. Elizabeth Hosp. Med. Ctr., 897 F.2d 845,

856 (6th Cir. 1990) (upholding the district court's denial of sanctions under Rule 37(c)(2) where

party seeking sanctions failed to comply with local rule).

The American norm of each party paying its own attorneys' fees and costs applies in all

cases except those recognized as exceptional by statute or rule.  This is not one of those cases for

the reasons explained above.  Nor is this a case where there was a large disparity of resources

between the parties.  Both corporations retained top quality law firms who assigned many

attorneys to work on the file at what the Court can only assume was great expense.  The

considerable cost and the war of motion practice come at no surprise to anyone who came near

this litigation.  The parties and their attorneys are encouraged to move forward with their

business and leave this chapter behind them.

### IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Paddock's Motion for Attorneys' Fees and Costs pursuant to 35 U.S.C. § 285, 28 U.S.C. § 1927, and Fed. R. Civ. P. 37(c)(2) [Docket No. 235] is **DENIED WITH PREJUDICE.**

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  December 18, 2007.

15